RICK JEAN,

       Petitioner,

v.                            Case No: 2:15-cv-803-FtM-29UAM
                                   Case No. 2:11-CR-97-FTM-29SPC

UNITED STATES OF AMERICA,

       Respondent.

_____

## OPINION AND ORDER

This matter comes before the Court on Petitioner Rick Jean's (Petitioner or Jean) *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Cr. Doc. #655; Cv. Doc. #1) and Memorandum of Law in Support (Cr. Doc. #656; Cv. Doc. #2) filed on December 28, 2015. The United States filed a Response in Opposition on February 23, 2016. (Cv. Docs. #4; #8). Petitioner filed a Reply (Cv. Doc. #9) on March 11, 2016. For the reasons below, Jean's § 2255 motion is denied.

## I. Procedural Background

On September 5, 2012, a federal grand jury in Fort Myers, Florida returned a twelve-count Second Superseding Indictment (Cr. Doc. #282) charging Petitioner and six co-defendants with various drug offenses. Count One charged Petitioner and six others with

conspiracy to manufacture, possession with intent to distribute, and distribution of 280 grams or more of cocaine base, also known as crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii) and 846. (Id., pp. #1-2). In addition to the conspiracy, Petitioner was charged in Counts Five and Six with distribution and aiding and abetting the distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). (Id., pp. #4-5). In Count Seven Petitioner was charged with distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). (Id., p. 5.) Lastly, Count Eight charged Petitioner with possession with the intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). (Id., p. #5). Petitioner pled not guilty and proceeded to a jury trial.

The Court conducted an eleven-day jury trial. The court granted Jean's motion for judgment of acquittal on Counts Six and Seven, and on October 5, 2012, the jury returned verdicts finding Jean guilty of Counts One, Five, and Eight. (Cr. Doc. #383). As to Count One, the jury found that the amount of cocaine base involved in the conspiracy was more than 280 grams. (Id., pp. 2-3).

On April 12, 2013, the undersigned sentenced Petitioner to 240 months imprisonment as to each count, to be served

concurrently.[1]  (Cr. Doc. #564, pp. 40-41).  This sentence was the mandatory minimum sentence required under 21 U.S.C. § 841 (b)(1)(A)(iii).  The undersigned also imposed a term of ten years supervised release as to Count One, and six years of supervised release as to Counts Five and Six, to run concurrently.  (Id., p. 41).

Petitioner filed a Notice of Appeal on April 18, 2013.  (Cr. Doc. #524).  On direct appeal, Jean raised a single issue:  Whether the trial court erred in denying his motion for judgment of acquittal or new trial as to Counts One, Five, and Eight in light of the key witness's inability to identify him.  See Appellant's Br., United States v. Hyppolite, 13-10471 (11th Cir. Nov. 15, 2013).  On June 25, 2015, the Eleventh Circuit affirmed Petitioner's convictions.  United States v. Hyppolite, 609 F. App'x 597, 603 n.4 (11th Cir. 2015).  Thereafter, Jean filed a petition for writ of certiorari, which the Supreme Court denied on November 2, 2015.  See Jean v. United States, 136 S. Ct. 420 (2015).  The government concedes that Jean's § 2255 motion was timely filed (Cv. Doc. #8, p. 4), and the Court agrees.

---

[1] Under the United States Sentencing Guidelines, Jean's Criminal History Category was calculated at a Category IV, with a total offense level of 37, yielding an advisory sentencing range of 292 to 365 months imprisonment.  (Cr. Doc. #564, p. 33).

## II.  Legal Standards

### A. Evidentiary Hearing and Appointment of Counsel

A district court shall hold an evidentiary hearing on a habeas corpus petition "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]"  28 U.S.C. § 2255(b).  "[I]f the petitioner alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim."  Aron v. United States, 291 F.3d 708, 714-15 (11th Cir. 2002) (citation omitted).  However, a district court is not required to hold an evidentiary hearing where the petitioner's allegations are patently frivolous, based upon unsupported generalizations, or affirmatively contradicted by the record.  See id. at 715.

To establish entitlement to an evidentiary hearing, petitioner must "allege facts that would prove both that his counsel performed deficiently and that he was prejudiced by his counsel's deficient performance."  Hernandez v. United States, 778 F.3d 1230, 1232-33 (11th Cir. 2015).  The Court finds that the record establishes that Petitioner is not entitled to relief and, therefore, an evidentiary hearing is not required.

Because Petitioner's motion for an evidentiary hearing is denied, appointment of counsel is not required under Rule 8(c), Rules Governing Section 2255 Proceedings for the United States

District Court. Petitioner is not otherwise entitled to appointment of counsel in this case. See Barbour v. Haley, 471 F.3d 1222, 1227 (11th Cir. 2006) (stating there is no Sixth Amendment right to counsel in post-conviction collateral proceedings); see also Schultz v. Wainwright, 701 F.2d 900, 901 (11th Cir. 1983) ("Counsel must be appointed for an indigent federal habeas petitioner only when the interest of justice or due process so require."). Neither the interest of justice nor due process requires the appointment of counsel here.

**B. Ineffective Assistance of Trial and Appellate Counsel**

The legal standard for ineffective assistance of counsel claims in a habeas proceeding is well established. To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must demonstrate both that (1) counsel's performance was deficient because it fell below an objective standard of reasonableness and (2) prejudice resulted because there is a reasonable probability that, but for the deficient performance, the result of the proceeding would have been different. See Hinton v. Alabama, 571 U.S. 263, 272-73 (2014) (citing Strickland v. Washington, 466 U.S. 668, 687, 694 (1984) and Padilla v. Kentucky, 559 U.S. 356, 366 (2010)). "Because a petitioner's failure to show either deficient performance or prejudice is fatal to a Strickland claim, a court need not address both Strickland prongs if the petitioner fails to

satisfy either of them." Kokal v. Sec'y, Dep't of Corr., 623 F.3d 1331, 1344 (11th Cir. 2010) (citations omitted).

The proper measure of attorney performance is "simply reasonableness under prevailing professional norms" considering all the circumstances. Hinton, 571 U.S. at 273 (internal quotations and citations omitted). "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689; see also Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (stating courts must look to the facts at the time of counsel's conduct). This judicial scrutiny is highly deferential, and the Court adheres to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. See Strickland, 466 U.S. at 689-90.

To be objectively unreasonable, the performance must be such that no competent counsel would have taken the action. See Rose v. McNeil, 634 F.3d 1224, 1241 (11th Cir. 2011); see also Hall v. Thomas, 611 F.3d 1259, 1290 (11th Cir. 2010). Additionally, an attorney is not ineffective for failing to raise or preserve a meritless issue. See United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992); see also Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir. 1989).

The same deficient performance and prejudice standards apply to appellate counsel.  See Smith v. Robbins, 528 U.S. 259, 285-86 (2000); see also Roe, 528 U.S. at 476-77.  If the Court finds there has been deficient performance, it must examine the merits of the claim omitted on appeal.  If the omitted claim would have had a reasonable probability of success on appeal, then the deficient performance resulted in prejudice.  See Joiner v. United States, 103 F.3d 961, 963 (11th Cir. 1997).  Counsel is not deficient for failing to raise non-meritorious claims on direct appeal.  See Diaz v. Sec'y for the Dep't of Corr., 402 F.3d 1136, 1144-45 (11th Cir. 2005).

### III.  Analysis

Petitioner raises five grounds for relief in his § 2255 motion.  Jean argues that trial counsel rendered ineffective assistance by (1) failing to file a motion to suppress the drugs found on Petitioner's person, which was the basis for Count Eight (Ground One) (Cr. Docs. #655, p. 4; #656, p. 3-6; Cv. Docs. #1, p. 4; #2, pp. 3-6; #9, pp. 1-5); and (2) failing to file a motion to dismiss Count Eight based upon lack of venue because the offense occurred in Collier County, Florida (Ground Two) (Cr. Docs. #655, p. 5; #656, p. 6-8; Cv. Docs. #1, p. 5; #2, p. 6-8; #9, p. 4).  Jean also argues that appellate counsel provided ineffective assistance by: (3) failing to assert on appeal there was insufficient evidence at trial to convict him of a single overall

conspiracy as charged in Count One, as distinguished from the multiple conspiracies proven (Ground Three); (4) failing to assert on appeal there was insufficient evidence at trial to convict him of Count Five because the informant had misled his brother (Ground Four) (Cr. Docs. #655, pp. 7-8; #656, pp. 8-13; Cv. Docs. #1, pp. 7-8; #2, pp. 8-13; #9, pp. 4-6); and (5) failing to assert on appeal that there was insufficient evidence to sentence him based upon the entire amount of crack cocaine under Count One (Ground Five) (Cr. Docs. #655, pp. 14; #656, pp. 13-17; Cv. Docs. #1, pp. 14; #2, pp. 13-17; #9, pp. 6-9).   The Court addresses each claim in turn.

### A. Ground One:  Failure to File Motion to Suppress

Petitioner argues that trial counsel rendered ineffective assistance in failing to file a motion to suppress the crack cocaine found on his person during a traffic stop on August 4, 2011. (Cr. Doc. #544, p. 4; Cv. Doc. #1, p. 4; Cv. Doc. #2, pp. 3-6.). Petitioner does not challenge the traffic stop, but argues the search of his person exceeded the scope of a permissible pat-down. Had counsel filed a motion to suppress, petitioner maintains the Court would have suppressed the cocaine found on his person, and there would be no evidence to support Count Eight.

"To obtain relief where an ineffective assistance claim is based on trial counsel's failure to file a timely motion to suppress, a petitioner must prove (1) that counsel's

representation fell below an objective standard of reasonableness, (2) that the Fourth Amendment claim is meritorious, and (3) that there is a reasonable probability that the verdict would have been different absent the excludable evidence." Zakrzewski v. McDonough, 455 F.3d 1254, 1260 (11th Cir. 2006). While petitioner satisfies the third requirement because there could be no conviction on Count Eight if the crack cocaine had been suppressed, he fails to satisfy the first two requirements.

On August 4, 2011, Corporals Dan Muhlhan and Christopher Meyer of the Collier County Sheriff's Office drug interdiction team stopped a vehicle for speeding on an interstate highway. (Cr. Doc. # 494, pp. 221, 234). Rick Jean (driver) and his brother, Wilmane Jean (passenger), occupied the vehicle. (Id., p. 222). Corporal Muhlhan asked Rick Jean to exit the vehicle and determined that he was driving on a suspended license. (Id., p. 224). Corporal Meyer then asked Rick Jean if he could pat him down for weapons, and Rick Jean agreed. (Id., p. 225). During the search of Petitioner's person, Corporal Meyer detected a hard, unknown object in Rick Jean's groin area. (Id.). Corporal Meyer retrieved the object, which had been tied to a string and concealed in Petitioner's crotch area, and determined it was "a clear plastic bag with a white substance in it consistent with cocaine." (Id., pp. 226, 236). Rick Jean was then placed under arrest. (Id.).

Defense counsel's decision not to file a motion to suppress was reasonable under all the circumstances. Defense counsel faced the following facts: (1) a lawful stop of a vehicle for speeding, United States v. Pruitt, 174 F.3d 1215, 1217 n. 1 (11th Cir. 1999) (noting that probable cause existed to conduct a traffic stop because the defendant was speeding); Hyppolite, 609 F. App'x at 604-05 (same); (2) the officers lawfully requested petitioner and the passenger to exit the vehicle, Pennsylvania v. Mimms, 434 U.S. 106, 110-11 (1977)(government's "legitimate and weighty" interest in officer safety outweighs the "de minimis " additional intrusion of requiring a driver, already lawfully stopped, to exit the vehicle); Maryland v. Wilson, 519 U.S. 408, 413-415 (1997) (passengers may be required to exit vehicle stopped for traffic violation); and (3) the officer properly asked petitioner for consent to conduct a pat-down, and consent was given, United States v. Drayton, 536 U.S. 194, 207 (2002)("Police officers act in full accord with the law when they ask citizens for consent.").

Furthermore, even if Minnesota v. Dickerson, 508 U.S. 366, 375 (1993) was implicated, the officers had observed Jean committing the offense of driving on a suspended license in their presence, and therefore Petitioner was subject to arrest, Virginia v. Moore, 553 U.S. 164, 176 (2008)("[W]arrantless arrests for crimes committed in the presence of an arresting officer are reasonable under the Constitution."), and a full search incident

to arrest, <u>United States v. Robinson</u>, 414 U.S. 218 (1973)(search may be made of person of the arrestee by virtue of the lawful arrest).

The fact that Corporal Muhlhan observed Rick Jean driving with a suspended license provided him probable cause and subjected Rick Jean to arrest under Fla. Stat. § 322.34(2). (Cr. Doc. #494, p. 224). <u>See</u> <u>United States v. Quintana</u>, 594 F. Supp. 2d 1291, 1298 (M.D. Fla. 2009) (citing <u>Jordan v. Mosley</u>, 487 F.3d 1350, 1355 (11th Cir. 2007); <u>United States v. Everett</u>, 719 F.2d 1119, 1120 (11th Cir. 1983)).

The Court finds that appellate counsel's performance did not fall below an objective reasonableness standard, and counsel was not deficient in failing to file a motion to suppress the drugs found on petitioner's person. Ground One is therefore denied.

### B. Ground Two:  Failure to File Motion to Dismiss Count Eight Due to Lack of Venue

Petitioner argues trial counsel erred in failing to file a motion to dismiss Count Eight of the Second Superseding Indictment for lack of venue. (Cv. Doc. #2, pp. 6-8). Jean contends that since the crime occurred in Collier County, Florida, venue was inappropriate in the Middle District of Florida, Fort Myers Division. (<u>Id.</u>). In his Reply, Jean abandoned this ground for relief. (Cv. Doc. #9, p. 4).

The Court finds this claim without merit because the Fort Myers Division of the Middle District of Florida includes Collier County. 28 U.S.C. § 89(b); Local Rules, United States District Court Middle District of Florida, Rule 1.02(b)(5). Since the conduct occurred within the Fort Myers Division, Jean has failed to show trial counsel rendered ineffective assistance by failing to challenge venue. Ground Two is denied.

### C. Ground Three: Insufficient Evidence to Support Single Conspiracy in Count One

Petitioner contends appellate counsel erred in failing to assert on direct appeal that there was insufficient evidence to establish a single conspiracy under Count One. (Cr. Doc. #655, p. 7; Cv. Doc. #1, p. 7). Petitioner asserts there was a material variance between the allegations of a single conspiracy in the Second Superseding Indictment and the evidence presented at trial which showed multiple conspiracies. (Cr. Doc. #656, pp. 8-11; Cv. Doc. #2, pp. 8-11).

On appeal, petitioner's counsel argued in part that the district court erred in denying Jean's motion for judgment of acquittal or new trial based upon the lack of sufficient evidence to sustain a conviction of conspiracy under Count One. (Appellant's Br., United States v. Hyppolite, 13-10471 (11th Cir. Nov. 15, 2013). The Eleventh Circuit found "(11) the judge did not err in denying Rick Jean's motions for judgments of acquittal,

since the evidence was sufficient to establish his guilt for conspiracy, the distribution of cocaine base, and the possession of cocaine base with intent to distribute, and Rick Jean failed to demonstrate confusion or misunderstanding on the part of the jury to justify relief." <u>Hyppolite</u>, 609 F. App'x. at 603 n.4.

Based upon this, the government argues that counsel <u>did</u> raise the issue on appeal, and petitioner cannot re-litigate the issue. (Cv. Doc. 8, pp. 11-12). It is well settled that a "district court is not required to reconsider claims of error that were raised and disposed of on direct appeal." <u>United States v. Nyhuis</u>, 211 F.3d 1340, 1343 (11th Cir. 2000) (citing <u>United States v. Rowan</u>, 663 F.2d 1034, 1035 (11th Cir. 1981)). "[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255." <u>Id.</u> (citing <u>United States v. Natelli</u>, 553 F.2d 5, 7 (2d Cir. 1977)).

Petitioner replies that his attorney may have raised a general sufficiency of the evidence issue, but he did not raise insufficiency based on a multiple conspiracy theory. For purposes of this § 2255 motion, the Court will assume that the multiple conspiracy issue was not subsumed in the insufficiency of the evidence claim raised and decided on direct appeal. Nonetheless, petitioner is entitled to no relief. Other defendants raised the multiple conspiracy issue on appeal, and the Eleventh Circuit found no merit to the claim:

> The following arguments raised by defendants
> regarding trial issues are unavailing and do
> not merit further commentary, because (1) the
> evidence was sufficient to establish a single
> conspiracy, see United States v. Richardson,
> 532 F.3d 1279, 1284-85 (11th Cir.2008); (2)
> the district judge did not fail to instruct
> the jury on multiple conspiracies; . . .

Hyppolite, 609 F. App'x at 603, n.4. Consequently, Petitioner fails to show either deficient performance or that he suffered any prejudice. Ground Three is denied.

### D. Ground Four: Insufficient Evidence to Support Count Five

Petitioner maintains counsel erred in failing to assert on appeal there was insufficient evidence to convict him of aiding and abetting the distribution of cocaine under Count Five. (Cr. Doc. #655, p. 8; Cv. Doc. #1, p. 8). The government asserts there was no ineffective assistance because counsel raised the sufficiency of evidence claim as to Count Five on appeal and the Eleventh Circuit considered and rejected the claim. (Cv. Doc. #8, pp. 12-13).

Defense counsel argued on appeal that there was insufficient evidence to convict Petitioner of Count Five and, therefore, the trial court erred in denying Petitioner's motion for judgment of acquittal or new trial. (Appellant's Br., United States v. Hyppolite, 13-10471 (11th Cir. Nov. 15, 2013)). The Eleventh Circuit, however, found no error. See Hyppolite, 609 F. App'x at

597 n.4.  The Court agrees with the government that this precludes petitioner from raising the issue in a § 2255 motion.

Alternatively, if petitioner can raise the issue, the Court finds he does not establish a claim under Strickland because the evidence was sufficient to convict him of Count Five.  Count Five charged that Petitioner and his brother Wilmane Jean did "knowingly and willfully distribute and aid and abet the distribution" of crack cocaine on or about May 26, 2011.  (Cr. Doc. #282, p. 4.)  It was not necessary for Petitioner to be found guilty of both distribution and aiding and abetting.  See United States v. Mozie, 752 F.3d 1271, 1283-84 (11th Cir. 2014) ("we have held again and again that 'where an indictment charges in the conjunctive several means of violating a statute, a conviction may be obtained on proof of only one of the means.'")  Aiding and abetting is not a separate crime, but simply "allows a jury to find a person guilty of a substantive crime even though that person did not commit all acts constituting the elements of the crime." United States v. Pearson, 667 F.2d 12, 13 (5th Cir. 1982).  "To prove guilt under a theory of aiding and abetting, the Government must prove: (1) the substantive offense was committed by someone; (2) the defendant committed an act which contributed to and furthered the offense; and (3) the defendant intended to aid in its commission." United States v. Tagg, 572 F.3d 1320, 1324 (11th Cir. 2009) (quoting United States v. Camacho, 233 F.3d 1308, 1317 (11th Cir. 2000)).

Petitioner does not dispute that his brother, Wilmane Jean, distributed crack cocaine, but argues the government failed to prove he aided and abetted this distribution. (Cr. Doc. #656, pp. 11-13; Cv. Docs. #2, pp. 11-13; #9, p. 6). At trial, the evidence showed that on May 26, 2011, confidential informant Nancy Blakely ("Blakely") made a controlled purchase of $100 worth of crack cocaine from Petitioner's brother, Wilmane Jean, in a shed located in the Linda Loma neighborhood in Fort Myers, Florida. (Cr. Doc. #471, pp. 4-15). Petitioner alleges the audio recording between himself and Blakely shows he did not aid and abet Wilmane Jean's distribution of crack cocaine. (Cr. Doc. #656, pp. 11-13; Cv. Doc. #2, pp. 11-13).

At trial, the government introduced the following recorded conversation between Blakely and Rick Jean:

> **SPEAKER ONE:** "Hello. (unintelligible)."
>
> **SPEAKER TWO:** "Hello? Hey, it's Nancy. This Slim?"
>
> **SPEAKER TWO:** "You home?"
>
> **SPEAKER ONE:** "No (unintelligible)."

(Cr. Doc. #471, pp. 11-12). Petitioner asserts this conversation shows he did not: (1) direct Blakely to go to the shed to purchase crack cocaine; (2) inform his brother that Blakely was on her way; or (3) tell Blakely to call his brother. (Cr. Doc. #656, p. 13; Cv. Doc. #2, p. 13). Petitioner, however, fails to consider the

recorded conversation between Blakely and Wilmane Jean at the Linda
Loma shed. The record shows that after Blakely called Rick Jean,
she then drove to the shed location. When she arrived, the
following conversation took place with Wilmane Jean:

> **SPEAKER TWO:** "Hey, hey, how you doing?"
>
> **SPEAKER ONE:** "How you doing?"
>
> **SPEAKER TWO:** "(Unintelligible)."
>
> **SPEAKER ONE:** "Oh, God."
>
> **SPEAKER TWO:** "How you doing?"
>
> **SPEAKER ONE:** "I called your brother and told
> him I was coming."
>
> **SPEAKER TWO:** "(Unintelligible)."
>
> **SPEAKER ONE:** "There you go. Make it good
> please."
>
> **SPEAKER TWO:** "Waited for you."

(Cr. Doc. #471, p. 14).

Petitioner asserts Blakely misled Wilmane Jean into believing
that Rick Jean sent her over to the shed to make a purchase. (Cr.
Doc. #656, p. 13; Cv. Doc. #2, p. 13). Even if this was true, it
would not undermine the evidence that Wilmane Jean acknowledged he
waited for Blakely to arrive, and then sold her crack cocaine.
Since there was no evidence Blakely herself told Wilmane Jean she
was coming to purchase the crack cocaine, a reasonable jury could
well find that Rick Jean informed his brother that Blakely was on

her way to make a purchase. Further, Blakely testified that (1) she made several purchases of crack cocaine from this location and often saw either Petitioner, his brother, or another individual and (2) she contacted Petitioner about making purchases. (Cr. Doc. #471, pp. 4-7). As a result, a reasonable juror could reasonably conclude Rick Jean knew Blakely and understood why she called him that day, and could reasonably find from the above evidence that Rick Jean facilitated Blakely's purchase of crack cocaine from his brother. Consequently, the Court finds there was sufficient evidence that on May 26, 2011, (1) Wilmane Jean distributed crack cocaine; (2) Rick Jean contributed to and furthered the distribution, and (3) Rick Jean intended to aid and abet the distribution.

Because the evidence was sufficient to convict Rick Jean of Count Five on a theory that he aided and abetted the distribution of crack cocaine, Petitioner fails to show any error by appellate counsel. As a result, Ground Four is denied.

### E. Ground Five: Insufficient Evidence to Support Amount of Crack Cocaine as to Count One

Lastly, Petitioner argues counsel failed to assert on appeal that the district court erred in finding the entire amount of crack cocaine was attributable to him for sentencing purposes. (Cr. Docs. #655, p. 14; #656, pp. 13-16; Cv. Docs. #1, p. 14; #2, pp. 13-16). Had his attorney asserted this issue on appeal, Petitioner

argues he would have received a lower sentence upon re-sentencing. The government argues Petitioner fails to establish either prong of Strickland because the jury found the conspiracy under Count One involved more than 280 grams of cocaine base and the Eleventh Circuit upheld this finding on appeal. (Cv. Doc. #8, pp. 13-14).

The Court finds no ineffective assistance of appellate counsel as to this claim because there was neither deficient performance nor prejudice to Petitioner. The jury found beyond a reasonable doubt that the amount of cocaine base involved in the conspiracy exceeded 280 grams. (Cr. Doc. #383, p. 3). This determination had two impacts on Jean's sentence. First, this jury finding, in addition to the Court's finding of Jean's prior felony drug convictions, made him subject to a statutory mandatory minimum sentence of 240 months.[2] See 21 U.S.C. § 841 (b)(1)(A)(iii).[3] Second, the Presentence Report determined the Base Offense Level by using a drug quantity of at least 280 grams of cocaine base. The Eleventh Circuit rejected the argument by other defendants that the government had to show the particular quantity of drugs attributable to each defendant for purposes of

---

[2] Petitioner does not contest this Court's factfinding as to his two prior drug convictions.

[3] Apprendi v. New Jersey, 530 U.S. 466 (2000) requires that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt.

establishing a conspiracy and found the evidence was sufficient to establish the quantity of drugs at issue. See Hyppolite, 609 F App'x at 603 n.4 (citing United States v. Curbelo, 726 F.3d 1260, 1268-1271 (11th Cir. 2013)). Thus, Petitioner's counsel did not provide deficient performance in failing to raise the individualized drug quantity finding issue on appeal. Consequently, Ground Five is denied.

Accordingly, it is now

**ORDERED:**

1. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Cr. Doc. #655; Cv. Doc. #1) is **DENIED**.

2. The Clerk of the Court shall enter judgment accordingly, terminate any pending motions, and close the civil file. The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(B)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists

would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citations omitted). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Fort Myers, Florida this   28th   day of March, 2019.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
All Parties of Record